IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE ESTATE OF C.A., A MINOR CHILD, DECEASED, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-0531 |
| TERRY B. GRIER, SUPERINTENDENT OF THE HOUSTON INDEPENDENT SCHOOL DISTRICT, IN HIS OFFICIAL CAPACITY, *et al.*, | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

**I.      Background**

This case arises from the tragic death of a young man in a swimming pool at his Houston

Independent School District high school.  C.A. was a senior at Westside High School.  His physics

class included a project to build boats out of cardboard and duct tape and test them in the school's

swimming pool.  C.A. did not know how to swim.  He drowned during the class.  C.A.'s parents

sued in their individual capacities and on behalf of their son's estate.  The complaint named RWS

Architects, Inc. as a defendant, alleging negligence in the design and specifications for the pool.

RWS has moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

RWS argues that the plaintiffs cannot plead the elements of their state-law negligent design claim

because they failed to submit an affidavit of merit from an architect within the time required by

§150.002 of the Texas Civil Practice & Remedies Code.  (Docket Entry No. 27).  The plaintiffs have

responded, and RWS has replied. (Docket Entries No. 51, 53).  Based on the pleadings, the parties'

arguments, and the applicable law, this court denies the motion to dismiss.  The reasons are set out below.

## II.     Analysis

Section 150.002 of the Texas Civil Practice & Remedies Code requires a plaintiff seeking damages for professional negligence by a licensed or registered professional, such as an architect or engineer, to file an affidavit attesting to the claim's merit with the complaint.  TEX. CIV. PRAC. & REM. CODE. §150.002(a).[1]   The affidavit must "set forth specifically for each theory of

---

[1]   The statute as amended in September 2009 states:

§ 150.002. Certificate of Merit

(a) In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

(1) is competent to testify;
(2) holds the same professional license or registration as the defendant; and
(3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:
(A) knowledge;
(B) skill;
(C) experience;
(D) education;
(E) training; and
(F) practice.

(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

(c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered

recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim." *Id.* §150.002(b).  The affiant must be competent to testify, hold the same Texas professional architecture or engineering license as the defendant, and be "knowledgeable in the area of practice of the defendant." *Id.* §150.002 (a), (b).  The affiant's knowledge, skill, experience, education, training, and practice must be the basis for the affidavit's contents. *Id.* §150.002(a)(3).  There is one exception to the contemporaneous-filing requirement of §150.002(b): if the statute of limitations expires within ten days after the complaint is filed and the plaintiff alleges that the time constraints precluded the preparation of an affidavit by a third-party architect or professional engineer, the plaintiff may file the affidavit within thirty days after filing the complaint. *Id.* §150.002(c).  The court may "extend such time" but only "after hearing and for good cause" as the court "shall determine justice requires." *Id.*  Failure to comply with the statute "shall" result in dismissal, which may be with prejudice. *Id.* §150.002(e).

---

professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.
(d) The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.
(e) The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.
(f) An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.
(g) This statute shall not be construed to extend any applicable period of limitation or repose.
Tex. Civ. Prac. & Rem. Code § 150.002.

The plaintiffs concede that they did not file an affidavit from a licensed Texas architect with their complaint, as §150.002(a) requires.  They filed their complaint within 10 days of the limitations period's expiration and in the complaint invoked the 30-day grace period under §150.002(c).  They did not, however, file the affidavit within 30 days after filing the complaint as § 150.002(c) requires, or file a motion or seek a hearing to extend that period as §150.002(c) permits.  If the §150.002 certificate-of-merit provisions apply, this court "shall" dismiss the complaint against RWS.

The plaintiffs argue that §150.002 does not apply to a negligent design claim against an architect if the claim is filed in federal court under diversity jurisdiction.  RWS argues that §150.002 is a substantive and necessary element of the professional negligence cause of action under state law.  Federal courts apply state substantive law "when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings."  *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir.1991); *see also Hanna v. Plumer*, 380 U.S. 460, 465–67 (1965); *Erie R.R. v. Tompkins*, 304 U.S. 64, 79–80 (1938). The distinction between procedural and substantive law for *Erie* purposes, however, is "sometimes a challenging endeavor."  *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

The Fifth Circuit has not determined whether the certificate-of-merit filing requirement of §150.002 is a substantive element of a state-law professional negligence claim or whether it is procedural.  *See Menendez v. Wal-Mart Stores, Inc.*,  364 F. App'x 62, 68 n.7 (5th Cir. 2010) (expressing "no views" in a removed case against an in-state architectural firm as to whether §150.002 precluded recovery against that defendant and made removal improper).  Although several district courts in this circuit have applied §150.002 in diversity cases asserting Texas negligence claims, most of those cases assumed, without examination or explanation, that §150.002 applies.

4

*See Menendez v. Wal-Mart Stores, Inc.*, No. Civ. A. No. M-08-348, 2009 WL 2407949, at *5–6 (S.D. Tex. July 31, 2009); *Garland Dollar Gen., LLC v. Reeves Dev., LLC*, Civ. A. No. 3:09-CV-0707-D, 2010 WL 1962560 (S.D. Tex. May 17, 2010); *Harris Constr. Co. v. GGP Bridgeland, L.P.*, No. H-07-3468, 2010 WL 1945734 (S.D. Tex. May 12, 2010).[2]

The most recent Supreme Court analysis of the substance/procedure distinction in the *Erie* context is in *Shady Grove Orthopedic Associates v. Allstate Insurance Co.*, 130 S. Ct. 1431 (2010). In *Shady Grove*, the Court held five-to-four that the Rule 23 class-certification criteria, not the New York state law prohibition on certifying class actions when the damages consisted of a penalty, controlled. *Id.* at 1448. The opinion for the court did not attract a majority. The "narrowest ground" that explains the result controls. *Marks v. United States*, 430 U.S. 188, 193 (1977).

Justices Scalia, who wrote the opinion of the court, and Stevens, who concurred in part and in the judgment, agree that a two-step analysis applies to a party's claim that a federal rather than a state rule applies in a diversity case filed under state law. *Shady Grove*, 130 S. Ct. at 1444; *id.* at 1450–51 (Stevens, J., concurring in part and concurring in the judgment). First, the court must determine whether the federal and state rules conflict. Second, if there is a conflict, the court must determine whether applying the federal rule is valid under the Rule Enabling Act, 28 U.S.C. § 2072. *Id.* Under the Act, a federal procedural rule may not "abridge, enlarge, or modify any substantive right." *Id.*

---

[2]  One case in the Southern District of Texas has stated that compliance with §150.002 is a matter of state substantive law. *See W.O.H. Enters., L.L.C. v. Shiner Moseley & Assocs., Inc.*, Civ. A. No. C-09-07, 2009 WL 1940080, at *4–5 (July 2, 2009). This court's analysis was affected by the fact that the case involved federal removal jurisdiction; the court held that because it did not have subject matter jurisdiction, it was unclear whether it could decide the motion to dismiss based on the certificate of merit and on remand, the issue would be decided by the state court. And in stating that the issue was one of state substantive law, the court did not conduct the analysis required by *Shady Grove* and its predecessors.

The justices agreed that the Rule 23 certification standards and the state law prohibiting certification in the case at issue conflicted, but they disagreed on the second step. For Justice Scalia, it was enough to determine that Rule 23 was a procedural, not a substantive, rule as a matter of federal law. *Shady Grove*, 130 S. Ct. at 1442–44 (noting that "the substantive nature of New York's law . . . *makes no difference*" (emphasis in original)). Justice Stevens, however, concluded, with the dissenters, *id.* at 1469–73 (Ginsburg, J., dissenting), that the issue turned on whether the state law was a substantive or procedural law. Justice Stevens's opinion, as the narrower opinion, controls. The competing opinions recognized that in practice, their approaches would rarely lead to different results. Justice Stevens noted that "the bar for finding an Enabling Act problem is a high one. The mere fact that a state law is designed as a procedural rule suggests it reflects a judgment about how state courts ought to operate and not a judgment about the scope of state-created rights and remedies." *Id.* at 1457; *see also id.* ("The mere possibility that a federal rule would alter a state-created right is not sufficient. There must be little doubt."). The Enabling Act question is different from the usual *Erie* inquiry, which is primarily based on concerns about forum-shopping and outcome-determination. *Id.* at 1459; *cf. Hannah v. Plumer*, 380 U.S. 460, 469–69 (1965) (noting that "having brought suit in a federal court, a plaintiff cannot then insist on the right to file subsequent pleadings in accord with the time limits applicable in state courts, even though enforcement of the federal timetable will, if he continues to insist that he must meet only the state time limit, result in determination of the controversy against him").

Under the analysis applied both in and before *Shady Grove*, federal courts outside Texas had reached conflicting results as to whether state statutes similar to §150.002 are substantive or procedural for the purpose of determining whether they apply in a diversity jurisdiction suit based

on state negligence law.  In analyzing state statutes requiring plaintiffs asserting medical malpractice or other professional negligence damages claims to attach expert affidavits to their pleadings or face dismissal, or to file expert affidavits within a certain period after filing, some federal courts have found no conflict and applied the state certificate-of-merit statute or the expert-affidavit statute in the diversity suit.  *See Chamberlain v. Giampapa*, 210 F.3d 154, 160 n.5 (3d Cir. 2000) (collecting cases and applying the New Jersey affidavit-of-merit statute against an alleged conflict with Rules 8 and 9 of the Federal Rules of Civil Procedure); *Clark v. Sarasota Cnty. Pub. Hosp. Bd.*, 65 F. Supp. 2d 1308, 1313–14 (M.D. Fla. 1998) (applying the Florida presuit-screening requirement in the face of alleged conflict with Rule 8's pleading standard); *RTC Mortgage Trust v. Fidelity Nat'l Title Ins. Co.*, 981 F.Supp. 334, 343–46 (D. N.J. 1997) (the state affidavit-of-merit statute was applied by federal court sitting in diversity in face of an alleged conflict with Rules 8, 9, and 11); *Connolly v. Foudree,* 141 F.R.D. 124, 126–29 (S.D. Iowa 1992) (Iowa's statutory requirement of early disclosure of expert witnesses in professional malpractice cases did not conflict with the expert-disclosure requirements of Rule 26(b)(4)(A)(i)); *Daley v. Lerner*, No. 89 C 8025, 1990 WL 43372, at * 3 (N.D. Ill. Mar. 29, 1990) (finding no conflict between federal law and the Illinois screening statute because the state provision provided for permissive rather than mandatory dismissal); *Thompson v. Kishwaukee Valley Med. Grp.*, 1986 WL 11381, at *2 (N.D. Ill. Oct. 6, 1986) (applying the state expert-screening requirement in a diversity case against an alleged conflict with Rules 8, 9, and 11).  Other courts have reached different results. The Eleventh Circuit Court of Appeals, for instance, sidestepped the plaintiff's argument that Georgia's expert-affidavit requirement conflicted with Rule 8 of the Federal Rules of Civil Procedure.  The court concluded that "because the district court erred in dismissing [the plaintiff's] claims with prejudice whether or

7

not the Georgia expert-affidavit requirement applies in diversity cases, [it] need not decide in which category [procedural or substantive] the requirement belongs." *Brown v. Nichols*, 8 F.3d 770, 773 (11th Cir. 1993). Several courts have concluded that state statutory efforts to limit malpractice or professional-negligence claims using expert-affidavit or certificate-of-merit requirements do conflict with the federal rules. *See Baird v. Celis*, 41 F. Supp. 2d 1358, 1361–62 (N.D. Ga.1999); *Braddock v. Orlando Reg'l Health Care Sys., Inc*., 881 F. Supp. 580, 58–84 (M.D. Fla. 1995); *Boone v. Knight*, 131 F.R.D. 609, 611 (S.D. Ga. 1990); *see also Gates v. L.G. DeWitt, Inc*., 528 F.2d 405, 411 (5th Cir. 1976) (holding a Georgia law requiring a plaintiff, in a direct action against an insurance company, to attach a copy of the insurance policy to his complaint inapplicable because it conflicts with Rule 8).

Comparing the Texas certificate-of-merit requirement in §150.002 with the expert-report requirement in Texas medical malpractice cases, §74.351, helps frame the issue faced by federal courts asked to apply these Texas statutes to professional-negligence cases.[3] Section 74.351 requires

---

[3]   Section 74.351 states:

> (a) In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.
>
> (b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:
>
> (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and
>
> (2) dismisses the claim with respect to the physician or health care provider,

a plaintiff in a medical malpractice case to give the defendants a copy of an expert report supporting

a finding of medical malpractice, along with the expert's curriculum vitae, within 120 days after

filing suit.  The expert report must contain "a fair summary of the expert's opinions as of the date

of the report regarding applicable standards of care, the manner in which the care rendered by the

physician or health care provider failed to meet the standards, and the injury, harm, or damages

claimed."  *Id.* § 74.351(r)(6).  The report must discuss the three elements with sufficient specificity

to inform the defendant of the conduct the plaintiff has questioned, and to provide a basis for the trial

---

with prejudice to the refiling of the claim.

(c) If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency. If the claimant does not receive notice of the court's ruling granting the extension until after the 120-day deadline has passed, then the 30-day extension shall run from the date the plaintiff first received the notice.

. . . .

(k) Subject to Subsection (t), an expert report served under this section:

(1) is not admissible in evidence by any party;

(2) shall not be used in a deposition, trial, or other proceeding; and

(3) shall not be referred to by any party during the course of the action for any purpose.

(l) A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6).

. . .

(6) "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

(s) Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care . . . .

TEX. CIV. PRAC. & REM. CODE §74.351.

9

court to conclude the claims are meritorious. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 879 (Tex. 2001). The report need not marshal all of the plaintiff's proof, but it must include the expert's opinion on each of the statutory elements. *Id.* The trial court may grant a motion challenging an expert report's adequacy "only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6)." Tex. Civ. Prac. & Rem Code § 74.351(*l*). The court limits its adequacy inquiry to the four corners of the report. *Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 53 (Tex. 2002).

Most federal district courts have held that § 74.351 (or its predecessor, former § 13.01 of Tex. Rev. Civ. Stat. Ann. art. 4590i (Vernon 2002)) is a procedural statute that directly collides with applicable Federal Rules of Civil Procedure. As a result, the expert disclosures required in Texas medical malpractice claims under §74.351 of the Texas Civil Practice & Remedies Code do not apply in federal diversity cases; instead, the expert-disclosure requirements of the Federal Rules govern. *See, e.g., Yates-Williams v. El Nihum*, — F.R.D. —, 2010 WL 2639876, at *2–3 (S.D. Tex. 2010); *Mason v. United States*, 486 F. Supp. 2d 621, 623–26 (W.D. Tex. 2007); *Poindexter v. Bonsukan*, 145 F. Supp. 2d 800, 805 (E.D. Tex. 2001); *Garza v. Scott & White Mem'l Hosp*., 234 F.R.D. 617, 622 (W.D. Tex. 2005)*; Guzman v. Mem'l Hermann Hosp. Sys.*, Civ. A. No. H-07-3973, 2008 WL 5273713, at *15 (S.D. Tex. Dec. 17, 2008); *Brown v. Brooks Cnty. Det. Ctr.*, Civ. Nos. C-04-329, C-04-375 2005 WL 723459, at *3 (N.D. Tex. Mar. 29, 2005); *McDaniel v. United States*, Civ. A. No. SA-04-CA-0314, 2004 WL 2616305, at *7 (W.D. Tex. Nov. 16, 2004); *but see Cruz v. Chang*, 400 F. Supp. 2d 906, 911–13 (W.D. Tex. 2004). These courts have compared the Texas expert report requirement purposes and effects with those of Rules 11, 26, and 37 of the Federal

Rules of Civil Procedure and have found a direct conflict, noting that, for example, the state statutory provisions are mandatory in their operation, while Rule 11 requires a flexible, case-by-case approach; both sets of provisions set different rules for the time for filing as well as the sanctions to which parties may be subjected for failing to do so; and while both Rule 26 and the state statute address the content of expert reports, the specific requirements imposed by each are clearly different. *See, e.g.*, *McDaniel*, 2004 WL 2616305, at * 9.

Section 150.002 is similar in relevant respects to §74.351. The requirements for the § 150.002 affiant parallel those for the expert giving the report under §74.351; both must be knowledgeable in the area of practice of the defendant and offer testimony based on the knowledge, skill, experience, education, training, and practice. TEX. CIV. PRAC. & REM. CODE § 74.351(r)(5) (A)–(B); *id.* § 74.401; *id.* § 74.402; *id.* §150.002(a)(3). Similar to an expert report under §74.351, *id.* § 74.351(r)(6), the §150.002 certificate of merit must "set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim," *id.* §150.002(b).

Like §74.351, §150.002 conflicts with applicable Federal Rules under the *Shady Grove* analytical framework. Section 150.002 imposes more stringent pleading requirements than Rules 8 and 9 of the Federal Rules of Civil Procedure and therefore conflicts with the federal pleading sufficiency standards. One court has explained some of the differences in federal court applications of statutes similar to §74.351 and §150.002 by whether the state statute creates additional pleading requirements. "[S]tate affidavit-of-merit laws that have been sustained in federal diversity actions

11

are those laws that do not create additional pleading requirements, but rather require filings well after the pleadings have been fixed and the issues joined." *Long v. Adams,* 411 F. Supp. 2d 701, 708 (E.D. Mich. 2006).  Another court found that a Georgia certificate statute requiring claimants to file simultaneously with their complaint a certificate containing specific allegations did not apply in a federal suit because the statute conflicted with the federal rules.  *See RTC Mortg. Trust 1994 N-1,* 981 F. Supp. at 343–44.  In contrast, a New Jersey statute did not conflict with the federal rules because the state statute allowed plaintiffs to file their certificate 60 days after filing the complaint and required only that the certificate "state or opine that 'there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.'"  *Id.* at 343 (quoting N.J. STAT. ANN. § 2A:53A-27).  The Texas certificate-of-merit statute is more similar to the Georgia than the New Jersey statute.  The Texas statute requires a plaintiff to file contemporaneously with the complaint an affidavit that "shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim." TEX. CIV. PRAC. & REM. CODE §150.002(b).  The contemporaneous-filing requirement is relaxed only for cases filed within ten days of limitations running, and then only for 30 days.  That 30-day period may be extended but only on a good-cause showing; the contemporaneous-filing requirement otherwise applies. *Id.* §150.002(c).  Failure to comply requires dismissal.  *Id.* §150.002(e).

Section 150.002 is also inconsistent with Rule 11, in requiring the court to dismiss a professional negligence claim for failure to comply with the certificate of merit requirement, with no discretion except as to whether the dismissal is with or without prejudice. Section 150.002 is also in conflict with the expert disclosure and report requirements of Rule 26. Because it affects the content of the complaint and accelerates the procedures of FED. R. CIV. P. 26, the Texas certificate-of-merit statute collides with federal law.

Rules 8, 9, 11, and 26 do not violate the Enabling Act as applied to §150.002, because §150.002 is not obviously a substantive requirement. *See Shady Grove*, 130 S. Ct. 1457; *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995) (considering an as-applied challenge to FED. R. APP. P. 38). Section 150.002 requires a certain filing by a certain time to go forward with a certain type of negligence claim. The most obvious purposes are procedural: "to inform the defendant of the specific conduct the plaintiff has called into question and to provide a basis for the trial court to conclude that the plaintiff's claims have merit." *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008). The federal rules provide other procedural means for assuring that these goals are met. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain sufficient allegations to show an entitlement to relief, assuming the facts are true, and to put the defendant on notice of the claim and its basis. Rule 26(a)(1) requires initial disclosure of the information the plaintiff will rely on to support the claims and Rule 26(a)(2) requires disclosure of the expert's opinions and its basis. Finally, as RWS acknowledges, the affidavit required by §150.002 essentially "certifies what the Plaintiffs' attorney should have already done in their Rule 11 investigation before filing the complaint accusing RWS of negligence." (*See* Docket Entry No. 53, p. 4 n.2).

III.     **Conclusion**

RWS's motion to dismiss based on failure to comply with §150.002 is denied because that statute is a procedural rule that does not apply in this federal-court diversity case.

SIGNED on October 15, 2010, at Houston, Texas.

Lee H. Rosenthal

United States District Judge

14