IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE ESTATE OF C.A., A MINOR CHILD, DECEASED, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-0531 |
| TERRY B. GRIER, SUPERINTENDENT OF THE HOUSTON INDEPENDENT SCHOOL DISTRICT, IN HIS OFFICIAL CAPACITY, *et al.*, | § § § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiffs in this lawsuit, the estate and parents of C.A., a high-school senior who drowned in his school's swimming pool, have moved to supplement their third amended complaint. (Docket Entry No. 109). The proposed supplemental complaint cites a "Preparticipation Physical Evaluation" form filled out and signed by C.A.'s parents in August 2005. In the form, they indicated that C.A. was not to participate in certain athletics, including swimming and diving. (Docket Entry No. 109, Ex. 2, ¶¶ 1–2; *accord* Docket Entry No. 110, Ex. 1). The plaintiffs assert two new theories of constitutional liability based on the fact that the school allowed C.A. to swim: a violation of C.A.'s parents' due-process right to direct the upbringing and education of their son, and a violation of C.A.'s equal-protection rights by treating athletes and nonathletes differently. The plaintiffs filed the motion on January 15, 2012, the deadline for seeking leave to amend. (Docket Entry No. 107). The Houston Independent School District opposes the motion. (Docket Entry No. 110).

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to

amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Id.* (internal quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility. *Id.* (internal quotation marks omitted).

Applying these factors to the present case reveals two substantial problems with granting leave to amend. First, delay. The plaintiffs signed the form in August 2005. C.A.'s drowning occurred in April 2008. The plaintiffs could have asserted these theories of recovery as early as the original filing of this lawsuit, February 2010; the facts were known to them at that time. (*See* Docket Entry No. 1). The plaintiffs disclosed the athletic-participation form to the defendants in October 2010. (Docket Entry No. 110, ¶ 5). The plaintiffs relied on this form in responding to the individual defendants' motion for summary judgment based on qualified immunity, which they filed in March 2011. (Docket Entry No. 88). It took the plaintiffs almost a year and a half after they disclosed the form to the defendants, and almost a year after they invoked the form in opposing summary judgment, to seek leave to amend to assert new claims based on the form. To seek leave

to amend now to add these new theories of recovery, when such theories could have been asserted as early as the outset of the litigation and certainly before the court ruled on the defendants' summary-judgment motion, constitutes undue delay.

Because the plaintiffs' proposed theories of constitutional violations—the school district violated C.A.'s parents' due-process right to direct the upbringing of C.A., and C.A.'s equal-protection rights by treating student athletes differently from nonathletes—are new, additional discovery beyond what the parties had planned may be needed. Although discovery will not conclude until this summer, the parties' expert-witness designations and reports are due in March and May. The parties informed the court in December 2011 that they needed the time allotted in the scheduling order for the discovery that was then anticipated. To add to that discovery would likely require a further extension of the scheduling order and cause additional delay, in a case that has already been on file for two years. Extending the scheduling order requires "good cause[.]" FED. R. CIV. P. 16(b)(4). Good cause, in turn, "requires a party to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (internal quotation marks omitted). Under the circumstances previously described, the plaintiffs could not reasonably assert that they were diligent in asserting these new theories.

Second, futility. Due process protects parents' rights "to direct the upbringing and education of their child. Parents have a fundamental interest in raising and educating their children." *Cornerstone Christian Schs. v. Univ. Interscholastic League (UIL)*, 563 F.3d 127, 136 (5th Cir. 2009) (citing, for example, *Troxel v. Granville*, 530 U.S. 57, 65 (2000)). This right, however, only protects parents' "prerogative to make choices regarding the type of education—*e.g.*, public, private,

or home-schooling—that their child receives but not particular components of that education, such as participation in interscholastic athletics or enrollment in particular courses." *Id.* At most, the plaintiffs seek to challenge a component of C.A.'s education: his participation in the physics experiment and "free swim" that took place following that experiment. C.A.'s participation, despite the school's knowledge that his parents had prohibited him from swimming, does not give rise to a violation of C.A.'s parents' right to direct his education. The plaintiffs' equal-protection claim fares no better. As the plaintiffs appear to concede, (*see* Docket Entry No. 109, Ex. 2, ¶ 15), this claim would be subject to rational-basis review, because nonathletes are not a protected class under the Fourteenth Amendment. *See Watkins v. New Albany Plain Local Schs.*, 711 F. Supp. 2d 817, 832 (S.D. Ohio 2010). "'[A] classification must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification,' and the burden is on the challenger to 'negative every conceivable basis which might support [the classification].'" *El Paso Apartment Ass'n v. City of El Paso*, 415 F. App'x 574, 578 (5th Cir. 2011) (per curiam) (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)). To the extent that the school district distinguishes between athletes and nonathletes, the plaintiffs cannot negate every conceivable basis for that distinction. The plaintiffs' equal-protection claim, like their due-process claim, would fail as a matter of law.

   The plaintiffs' motion to supplement their third amended complaint, (Docket Entry No. 109), is denied.

   SIGNED on February 8, 2012, at Houston, Texas.

                _____
                  Lee H. Rosenthal
                 United States District Judge