IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE ESTATE OF C.A., A MINOR CHILD, DECEASED, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-00531 |
| TERRY B. GRIER, SUPERINTENDENT OF THE HOUSTON INDEPENDENT SCHOOL DISTRICT, IN HIS OFFICIAL CAPACITY, *et al.*, | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

The plaintiffs, the estate and parents of C.A., a high-school senior who drowned in his school's swimming pool, sued the Houston Independent School District ("HISD"), among other parties, alleging violations of C.A.'s constitutionally protected rights. (Docket Entry No. 32). HISD moved for summary judgment. (Docket Entry No. 116). The plaintiffs moved under Rule 56(d) of the Federal Rules of Civil Procedure, seeking additional discovery they allegedly need to respond to the summary-judgment motion. (Docket Entry No. 121). HISD filed a response in opposition to the plaintiffs' discovery motion. (Docket Entry No. 122).

Based on the motion and response, the record, the arguments of counsel, and the applicable law, this court denies the plaintiffs' motion for additional discovery. The plaintiffs must respond to the motion for summary judgment no later than **December 21, 2012**.

The reasons for this ruling are set out below.

**I.     Background**

This court has previously described the factual and legal background for this lawsuit. (Docket Entry No. 97). Only a brief summary is necessary here. C.A., a 17-year-old senior at an HISD high school, drowned in the school's swimming pool at the end of a physics class in which students went into the pool as part of a science experiment on buoyancy. C.A.'s parents and estate sued HISD and individual employees under 42 U.S.C. § 1983. Two of the individual defendants, Paul Castro, then the high school's principal, and Vanessa Coronado, the science teacher who taught the class, moved for summary judgment based on qualified immunity. (Docket Entry No. 68). After discovery targeted to the qualified-immunity defense, this court granted summary judgment dismissing the claims against the individual defendants. (Docket Entries No. 97, 103).

On January 15, 2012, the plaintiffs moved for leave to file a supplement to their third amended complaint to allege additional constitutional violations against HISD. The added allegations were primarily that HISD violated C.A.'s parent's instructions in a consent form indicating that C.A. was not allowed to swim and thereby violated their right to educate C.A. as they saw fit. (Docket Entry No. 109). This court denied that motion. (Docket Entry No. 111).

On April 13, 2012, HISD moved for summary judgment. (Docket Entry No. 116). HISD argued that the plaintiffs' claims against it necessarily failed because, based on the undisputed facts and applicable law, they could not show a violation of C.A.'s constitutional rights. (*Id.* at 7). Citing *Doe ex rel. Magee v. Covington County School District*, 675 F.3d 849 (5th Cir. 2012) (en banc), HISD argued that a school district has no constitutional duty to protect students from private harm. (*Id.*) Accordingly, the plaintiffs could not allege a colorable constitutional violation under

the Fourteenth Amendment's Due Process Clause and could not show that HISD violated a constitutional duty owing to C.A.  (*Id.* at 11–14).

In response, the plaintiffs have sought additional discovery before responding to the summary judgment motion.  HISD filed its opposition.  HISD also supplemented its summary-judgment briefing to alert this court to recent cases applying *Covington* in dismissing § 1983 claims against school districts.  (Docket Entry No. 125).

The plaintiffs ask this court to permit the following discovery:

1. A two-hour deposition of Troy Gillespie, another physics teacher.

2. A two-hour deposition of Craig Sikkema, the swim coach.

3. A two-hour deposition of Paul Castro, the former principal.

4. Production of all e-mails, memos, or other communications about planning for the physics experiment at issue, to or from any teacher, staff member, administrator, or other HISD employee involved in or responsible for planning.

5. Production of all documents or records about the science experiment or other experiments involving the swimming pool performed in the years at issue, and for at least two years prior.

6. Production of previous documentation about swimming skills or activity limitations for the students who were to participate in the physics experiment during the years in question.

7. Production of all documents or records about experiments in other pools within HISD for the year in question, and at least two years prior, and any adverse events (injuries as well as any deaths) that occurred during those experiments.

(Docket Entry No. 121, at 8–9).

## II. The Rule 56(d) Standard

Federal Rule of Civil Procedure 56(d) governs a party's request for additional discovery before responding to a motion for summary judgment. If the nonmovant shows that "it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Rule 56(d) was designed to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). Rule 56(d) discovery motions are "broadly favored and should be liberally granted." *Id.* A request under Rule 56(d) must, however, "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quotations omitted). The movant may not "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Id.* The trial court may cut off a party's entitlement to discovery before a summary-judgment ruling when the record indicates that further discovery will not likely produce facts necessary to defeat the motion. *Id.*; *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992).

## III. Analysis

The plaintiffs assert two liability theories. First, that "the School District has taken a life without due process, and that it had a duty to follow its own policies, rules and regulations, along with those of the City of Houston regarding safety in an inherently dangerous location." (Docket Entry No. 121, at 5). Second, "that the School is liable on a 'state-created danger' doctrine." (*Id.*

at 6).  As explained below, the plaintiffs fail to make the necessary showing that the additional discovery they seek is likely to raise a fact dispute as to HISD's liability under either theory.  The plaintiffs have failed to show that the discovery they seek will assist them in responding to the summary judgment motion or influence its outcome.

The plaintiffs' first liability theory is foreclosed by well-established precedent.   A court faced with a claim that a school district is liable for a student's injury or death examines whether the harm to the student was caused by a constitutional violation and, if so, whether the school district is responsible for that violation.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). The Fifth Circuit has "stated time and again that without an underlying constitutional violation, an essential element of [School district] liability is missing." *Covington*, 675 F.3d at 866–67.  "[T]here can be no award of damages against a municipality when the actions of its officer did not inflict constitutional harm." *Hale v. Bexar County*, 2008 WL 2967513, at *8 (W.D. Tex. July 30, 2008).

In its summary judgment motion, HISD argued that "[*Covington*] demonstrates that physical injury to a student is actionable as a violation of due process *only* in two limited circumstances: (i) the plaintiff's physical injury was inflicted by a state actor (school employee) or (ii) the plaintiff's physical injury was inflicted by a private actor, but the plaintiff had a 'special relationship' with the state such that the state had a duty to protect the plaintiff from the private actor." (Docket Entry No. 116, at 8 (citing *Covington*, 675 F.3d at 855–56)).  As emphasized in the *Covington* special concurrence, "[n]o . . . special relationship exists between a public school and its students." *Covington*, 675 F.3d at 870 (Jolly, J., specially concurring) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989)).

There is no allegation or evidence that a state actor injured C.A. Even if, as the plaintiffs claim, the school's failure to comply with its own policies resulted in C.A.'s drowning, HISD had no special relationship with — and thus no duty to protect — C.A. *See id.* at 855–57 (majority opinion). Absent that duty, any failure to comply with school policies governing the use of the pool could not, as a matter of law, have resulted in a deprivation of C.A.'s due process rights. *See id.* The discovery the plaintiffs seek, largely aimed at HISD's practices and policies about swimming pool use, supervision over the use of an HISD school swimming pool, and science experiments involving student use of swimming pools, is immaterial to the due process arguments HISD advanced in its summary-judgment motion. The additional discovery the plaintiffs seek cannot create a factual dispute on either of the two requirements for a due process claim against HISD.

The plaintiffs' second liability theory similarly fails to establish a basis for the discovery they seek. "Under the state-created danger theory, a state actor may be liable under § 1983 if the state actor created or knew of a dangerous situation and affirmatively placed the plaintiff in that situation." *Covington*, 675 F.3d at 864. As HISD argues in its motion for summary judgment and in its opposition to the plaintiffs' Rule 56(d) motion, the Fifth Circuit has not recognized the "state-created danger" theory. (Docket Entry No. 116, at 10 (citing *Covington*, 675 F.3d at 865); Docket Entry No. 122, at 5–6). The plaintiffs acknowledge this but argue that the Fifth Circuit has never rejected the theory and that this case could serve as the vehicle for its recognition and adoption. (Docket Entry No. 121, at 6). The facts of this case do not support its use as the first for this circuit.

The *Covington* court "decline[d] to use this en banc opportunity to adopt the state-created danger theory in this case because the allegations would not support such a theory." 675 F.3d at 865. To the extent such a theory existed, the plaintiff had to "demonstrate the existence of 'an

6

immediate danger facing a known victim.'" *Id.* at 866 (quoting *Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389, 392 (5th Cir. 1999)). The state-created danger theory requires more than "deliberate indifference" by the state actor; the *Covington* plaintiffs' allegations that the defendants had "'actual knowledge of the dangers created by their policies, customs and regulations, but . . . failed to take corrective action to reduce or prevent the danger'" were insufficient. *Id.* at 865–66. The Fifth Circuit emphasized that it has "consistently cautioned against finding liability under the state-created danger theory based upon an ineffective policy or practice in cases where the plaintiff's injury is inflicted by a private actor." *Id.* at 866.

The plaintiffs request additional discovery into what they allege were ineffective and unsafe school policies on student use of HISD swimming facilities:

> If, as Plaintiffs contend, there was really no effort to plan for the safety of the students — the conscious decision to *not* consider swimming pool safety for a discrete class, using the pool for a limited and discrete purpose will satisfy important parts of the Plaintiffs' two theories of liability. If the Defendants contend that they did make plans (any plans), the utter failure of those plans in this instance will shed light on the degree of culpability that should be assigned to the entity. The Court would lack important evidence from which to determine whether a fact issue can be raised on the degree of culpability — whether merely negligent, consciously indifferent, reckless, or substantially certain to occur — without understanding precisely how the Defendants explain (under adverse questioning instead of scripted affidavits) exactly how a student is permitted to drown under these circumstances.

(Docket Entry No. 121, at 8). The plaintiffs do not argue that the discovery is likely to show that school officials knew that a specific individual, C.A., faced an immediate danger of drowning after the science experiment. In this case, similar to *Covington*, the plaintiffs have not alleged or argued an immediate known danger facing a specific victim. *See Covington*, 675 F.3d at 866. Even if the additional discovery allowed the plaintiffs to argue that there was a factual dispute as to whether the

7

school was deliberately indifferent to the risk that a student might drown in a pool after a class project, such indifference could not meet the requirements for liability based on a state-created danger that theory was recognized. *See id.* at 865–67.

The plaintiffs argue for a broader version of the state-created danger theory. Their version would require that: "1) plaintiff was a member of a limited and specifically definable group; 2) defendant's affirmative conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; 3) the risk was obvious or known; 4) defendant acted recklessly in conscious disregard of that risk; and 5) the defendant created the danger or increased the plaintiff's vulnerability to the danger in some way." (Docket Entry No. 121, at 6–7). HISD's arguments against the state-created danger theory are that it is not recognized in this circuit and that the problems with the facts and allegations in *Covington* that led the en banc court to decide not to adopt the state-created danger theory in that case are also present here. The plaintiffs essentially argue that the additional discovery they seek might enable them to raise a factual dispute as to whether HISD was liable under their expanded version of a state-created danger theory. But that is not the argument the plaintiffs are called on to address in responding to the summary-judgment motion. The question is whether the plaintiffs need the additional discovery to respond to the arguments that were raised in HISD's motion. The answer is that they do not.

In addition to the fact that the plaintiffs are responding to the existing law on the state-created danger theory of liability, not to an expanded version of that theory, they already have obtained significant evidence on the district's and school's policies, on the communications within the school leading up to and about the physics experiment, and on the observations and knowledge

of those who worked at the school when it occurred.  According to HISD, documents already produced to the plaintiffs include:

- HISD Standard Practice Memorandum 3521.A, Operation and Care of Swimming Pools;

- HISD Standard Practice Memorandum 3517.C, Guidelines Regarding School Ground Use, Supervision and Improvement;

- Board Policy CK (Local) Safety Program/Risk Management;

- The Daily Pool Checklist;

- Texas Department of Health, Standards for Swimming Pools and Spas;

- Printout details on National Swimming Pool Foundation Pool & Spa Operator Handbook;

- Excerpts from Westside High School Faculty Handbook, 2007-2008;

- Memorandum to Superintendent of HISD from Officer of Inspector General regarding Student Drowning at Westside High School;

- E-mail Correspondence between Coronado and C.A.'s parents regarding the physics buoyancy experiment;

- E-mail correspondence between Coronado and parents of students regarding the physics buoyancy experiment;

- Science Laboratory Safety Contract form from Coronado's physics class, 2007-2008 school year;

- Affidavits from Troy Gillespie, Craig Sikkema, and Paul Castro;

- All of C.A.'s school records; and

- All of Coronado's personnel records.

(Docket Entry No. 122, at 7–8).  The plaintiffs have also already deposed Coronado. (Docket Entry No. 121, at 7; Docket Entry No. 122, at 7).

The plaintiffs have sufficient information to advance their argument that HISD was deliberately indifferent to an obviously dangerous situation. They also have enough evidence to respond to HISD's summary-judgment argument that the state-created danger theory does not exist, and, if it does, it required a known and immediate danger specifically to C.A. Because the plaintiffs cannot show that the additional discovery they seek is justified, under Rule 56(d), their motion is denied.

**IV.     Conclusion**

The plaintiffs' motion for additional discovery is denied. The plaintiffs must file their response to HISD's motion for summary judgment no later than **December 21, 2012**.

SIGNED on December 6, 2012, at Houston, Texas.

                                    Lee H. Rosenthal
                                United States District Judge